UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRENT MOHLMAN,

        Plaintiff,        Civil Action No. 15-11085
                                  Honorable Gerald E. Rosen
v.                                 Magistrate Judge Elizabeth A. Stafford

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO IMPOSE SANCTIONS ON PLAINTIFF'S COUNSEL FOR VIOLATION OF THE LOCAL RULES**

**I.    INTRODUCTION**

Brent Mohlman filed this suit against Deutsche Bank National Trust Company ("Defendant") challenging the validity of a foreclosure sale of residential property located at 19042 Irving, Livonia, Michigan 48152. [R. 1-2]. On March 31, 2015, Defendant filed a motion to dismiss [R. 3], which the Honorable Gerald E. Rosen referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 11]. In briefing the motion, Mohlman's counsel, F. Anthony Lubkin, repeatedly violated this Court's Local Rules ("Local Rules") and ignored the Court's warning that further noncompliance may result in sanctions. To deter such conduct going forward and to ensure he represents all clients in this Court

competently and in accordance with the Local Rules, the Court **RECOMMENDS SANCTIONING**[1] F. Anthony Lubkin $750 and **ORDERING** that he:

(1) file a declaration affirming that he has read the Local Rules in their entirety, including the Electronic Filing Policies and Procedures Appendix;

(2) provide Mohlman a copy of this R & R; and

(3) file a declaration signed by both himself and Mohlman affirming that he provided Mohlman a copy of this R & R.

## II.   BACKGROUND

On May 29, 2015, Mohlman, through counsel, filed his first response to Defendant's motion to dismiss. [R. 10]. The Court struck Mohlman's response for failing to comply with the Local Rules:

> Mohlman's response to Defendant's motion to dismiss fails to comply with the … requirements [of E.D. Mich. LR 5.1(a)(2) and (a)(3)]. The font size is noticeably too small; there are no page numbers; and it appears that it is less than double-spaced.
>
> The Comment to E.D. Mich. LR 5.1 warns that "[a]ttempts to circumvent the LR in any way may be considered an abusive practice which may result in papers being stricken as well as sanctions being imposed under LR 11.1." Although Mohlman was not necessarily attempting to circumvent the local rules,

---

[1] This recommendation has no bearing on the Court's resolution of the pending Motion to Dismiss [R. 3] or pending Motion for Leave to File Sur-Reply [R. 22], both of which will be decided on the merits.

> the multiple deficiencies in his response show that, at a minimum, he neglected to review the rules before filing his pleading.

[R. 12, PgID 384].

Mohlman's second response contained a 30-page brief, in violation of E.D. Mich. LR 7.1(d)(3)(A)'s page limitation. [R. 13]. The Court struck the second response and warned counsel "that any continued failure to comply with the Court's local rules will result in an order to show cause why sanctions should not be imposed pursuant to LR 11.1 and Fed. R. Civ. P. 11(c)." [R. 14, PgID 486]. On June 4, 2015, Mohlman filed a third response, which complied with the Local Rules, and Defendant filed a reply brief on June 22, 2015.

On June 30, 2015, Mohlman filed a 12-page sur-reply without leave of Court, in violation of the Local Rules. [R. 18]. The Court struck the sur-reply and ordered counsel to show cause why sanctions should not be imposed. [R. 19]. Lubkin filed a response to the order to show cause on June 30, 2015 [R. 21], and the Court held a hearing on the matter on July 22, 2015.

In his response to the show cause order and during the hearing, Lubkin claimed that he did not invoke this Court's jurisdiction but that the

suit was removed from state court[2]; that he "was only admitted to federal practice a few years ago" and he does not litigate in federal court often; that he had limited exposure to the Local Rules; that he has difficulty using "office computer equipment"; and that due to a recent relocation, he has had computer troubles and connectivity troubles which made it difficult to access the Local Rules. [R. 21, PgID 647-48]. The Court notes that Lubkin appeared more contrite at the hearing than in his written response to the order to show cause. However, he still made excuses that lacked merit.

## III. DISCUSSION

Pursuant to LR 11.1, this Court has the discretion to impose an appropriate sanction on an attorney who knowingly violated the Local Rules. E.D. Mich. LR 11.1. "The procedures for imposing sanctions and the nature of sanctions shall be as set out in Fed. R. Civ. P. 11(c)." *Id.* Under Rule 11(c), "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b)[3] has been violated, the court may impose an appropriate sanction on any attorney … that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c) (footnote added). In

---

[2] This claim is factually untrue. Lubkin did not begin representing Mohlman until after this case was removed from state court; he chose to submit to the jurisdiction of federal court. [R. 5].

[3] "[R]eferences in Fed. R. Civ. P. 11(c) to violations of 'Rule 11(b)' are deemed to be references to violations of the Local Rules." E.D. Mich. LR 11.1.

determining whether sanctions are warranted, the Court "may consider past conduct of the individual responsible for violating Rule 11." *Lucero ex rel. Lucero v. Detroit Pub. Schools*, No. 01-72792, 2005 WL 1983077, at *2 (E.D. Mich. Aug. 15, 2005) (Hood, J.). After considering the relevant information, including Lubkin's conduct here, his past conduct, and the applicable case law, the Court finds that sanctions are warranted.

When practicing in this Court, an attorney must follow the Local Rules. *See Carpenter v. City of Flint*, 723 F.3d 700, 710 (6th Cir. 2013) ("[C]ounsel has a clear obligation to familiarize himself with a district court's local rules and to follow them . . . ."). All attorneys, whether seasoned or novice, are required to abide by the Court's rules, and whether a suit was removed from state court is irrelevant.

Furthermore, Lubkin's claim that he was unaware of the requirements of the Local Rules because he does not litigate in federal court often is contrary to the evidence. Lubkin has practiced in this district since at least 2010, *see Davenport v. Genesee County*, No. 10-13503, Doc. # 5 (E.D. Mich. Sept. 3, 2010), and an ECF search of his name shows he has been counsel of record in 14 different matters in this Court. Moreover, Lubkin has been warned numerous times in other cases for failing to comply with the Local Rules. *See, e.g.*, *Davis v. Hite*, No. 15-10161, Text-Only Order

5

(E.D. Mich. May 1, 2015) (striking amended complaint filed by Lubkin for failing to comply with LR 5.1(a)(2)'s requirement that pleadings be double-spaced); *Smith v. City of Davison*, No. 11-10363, Doc. # 9 (E.D. Mich. March 31, 2011) (order to show cause why sanctions should not be imposed for Lubkin's continued failure to complete ECF registration after the Court directed him to do so twice and held a telephone status conference solely to address his continued noncompliance with LR 5.1.1); *Davenport v. Genesee County*, No. 10-13503, Docs. # 6, 8, 15 (E.D. Mich.) (three notices of failure to comply with LR 5.1.1 requiring electronic filing and warning that further noncompliance may result in sanctions under LR 11.1).

In *Carpenter v. City of Flint*, No. 11-10304, Doc. # 26 (E.D. Mich. Aug. 28, 2012), the Court dismissed plaintiff's (Lubkin's client) complaint for failure to prosecute and for repeated violations of the Local Rules after multiple warnings, stating in part:

> It is utterly perplexing that Plaintiff's response and surreply to the order to show cause are again single-spaced, in violation of Local Rule 5.1(2). This court's October 17, 2011 order specifically notified plaintiff of this Local Rule, made an exception for the October 14, 2011 filing, and warned plaintiff that future failure to comply would not be tolerated. Plaintiff has repeatedly failed to comply with the Local Rules and with the orders of this Court….

*Id.*, Doc. # 26, PgID 138. Although the Sixth Circuit reversed because

6

dismissal with prejudice was too severe of a sanction, it concurred that Lubkin's "conduct in pursuing his client's claims was inept, improper, and unprofessional,[4]" and "that **the district court had good cause to impose some sanction on Carpenter or his attorney, given the continued violations of the local filing rules**." *Carpenter*, 723 F.3d at 704, 709-10 (footnote in original) (emphasis added).  Thus, Lubkin was well aware of his obligation to comply with the Local Rules, yet he repeatedly filed pleadings that violated their requirements.  Sanctions are warranted under these circumstances.

In fashioning an appropriate sanction under Rule 11, "deterrence is the primary goal[;] the minimum amount necessary to deter the sanctioned party is the proper [amount]." *Lucero*, 2005 WL 1983077, at *2.  Moreover, the Court can issue "directives of a non-monetary nature" in addition to, or instead of imposing monetary sanctions.  *Id.*  When imposing a monetary sanction, the Court must consider the sanctioned party's ability to pay.  *Id.* ("The idea is not to bankrupt an attorney, but to deter him from repeating the conduct prohibited by Rule 11.").

Counsel's assertion in a previous case provides a helpful point of

---

[4] "Indeed, [Lubkin] has continued his pattern of inflammatory language and noncompliance with procedural filing rules.  See Fed. R. App. P. 32(a)(5)(A) (requiring proportionally spaced typeface in briefs to be 14-point or larger)."

7

reference in determining the appropriate monetary sanction.  In a September 2013 pleading, counsel averred that his client "paid only a nominal sum of less than One Thousand Dollars, representing a mere six (6) hours of work, at the agreed-upon, reduced 'hardship' rate…." *Myers v. Residential Credit Solutions*, Case No. 13-10361, Doc. # 26, PgID 348 (E.D. Mich. Sept. 24, 2013).  Using those figures, counsel's **reduced** billable rate is approximately $166 per hour.  Based on that reference point and in light of counsel's repeated disregard of the Local Rules both in this case and in the past, the Court finds that $750 is an appropriate sanction to achieve the deterrence sought.  This amount is well below a full day of work for Lubkin even when billing at a reduced rate, which will not bankrupt counsel or cause him a major financial strain, but should deter further careless noncompliance with the Local Rules.

Furthermore, the Court finds certain non-monetary sanctions are appropriate.  Lubkin should be required to file a declaration affirming that he has read the Local Rules in their entirety and that he fully understands their requirements.  This should eliminate his excuse that he did not fully understand the Local Rules in future cases.  Moreover, to prevent Lubkin from billing Mohlman for the time he spent correcting the errors he made in responding to Defendant's motion, and from passing along his monetary

sanctions to Mohlman as costs or fees, counsel should be required to provide Mohlman a copy of this R & R, swear that he has done so in the declaration, and have Mohlman sign the declaration stating he received a copy of the R & R.

## IV. CONCLUSION

To deter him from filing pleadings that violate the Local Rules going forward, the Court **RECOMMENDS** entering an Order that imposes the above **SANCTIONS** on Lubkin.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 3, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2015.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager