**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRENT MOHLMAN,

        Plaintiff,

v.                                                    Case No. 15-11085
                                                      Hon. Gerald E. Rosen
                                                      Magistrate Judge Elizabeth A. Stafford

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

        Defendant.

_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____November 9, 2015_____

PRESENT:  Honorable Gerald E. Rosen
                Chief Judge, United States District Court

In a report and recommendation ("R & R") issued on September 3, 2015,

Magistrate Judge Elizabeth A. Stafford recommends that the Court impose a variety of

sanctions on F. Anthony Lubkin, counsel for Plaintiff Brent Mohlman, in light of Mr.

Lubkin's repeated failures to comply with the Local Rules of this District in the course of

this litigation.  Specifically, the Magistrate Judge recommends that Mr. Lubkin pay a

monetary sanction of $750, and that he be ordered (i) to file a declaration with the Court

affirming that he has read the Local Rules in their entirety, including the appendix setting

forth the electronic filing policies and procedures for this District, (ii) to provide a copy

of the Magistrate Judge's R & R to his client, Mr. Mohlman, and (iii) to file a declaration signed by both himself and his client affirming that Mr. Mohlman has been given a copy of the R & R.

On September 17, 2015, Plaintiff's counsel filed objections (of a sort) to the Magistrate Judge's R & R. In particular, while Mr. Lubkin does not take issue with the specific measures recommended by the Magistrate Judge as appropriate sanctions for counsel's violations of the Local Rules, he complains that certain language in the R & R is "duplicative, erroneous or needlessly negative," and thus conveys an "unduly negative image" of counsel's performance in this and past cases. (Plaintiff's Counsel's 9/17/2015 Objections at 1-2.) Yet, even assuming that the Court were inclined to second-guess the Magistrate Judge's characterization of the record, much less the choice of language used by the Magistrate Judge to explain substantive rulings to which Plaintiff's counsel does not object, the Court is satisfied upon its own review of the record that each of the challenged statements in the R & R is amply supported and should not be disturbed.

Plaintiff's counsel first protests that the R & R creates the impression that the sanctions recommended by the Magistrate Judge are "bas[ed] . . . on acts or omissions occurring in other, unrelated cases many years . . . ago." (*Id.* at 2.) To the extent, however, that counsel means to suggest that his past performance is wholly immaterial to the Magistrate Judge's determination of appropriate sanctions for counsel's Local Rule violations in the present suit, the Court cannot agree. Rather, as expressly observed in the

2

R & R, counsel's past conduct is relevant both (i) to the threshold question whether sanctions are warranted in light of counsel's violations in the present case, and (ii) to the selection of sanctions that will best serve the primary goal of deterring future violations. (*See* R & R at 5-7.)

Counsel next complains that the R & R unfairly portrays him as a "habitual local rule violator" and creates a "lasting stain of incompetence," by virtue of the Magistrate Judge's reliance on purportedly out-of-context quotations from or references to past cases in which questions were raised about counsel's performance. (Plaintiff's Counsel's 9/17/2015 Objections at 3-6.) Yet, while counsel seeks to characterize the record as reflecting only limited lapses in his compliance with the Local Rules that occurred in "distant-past cases" during counsel's "first year" of practice in this District, (*id.* at 4-5), this proposed characterization is belied by the evidence of ongoing deficiencies in counsel's performance in this and other cases. First and foremost, it plainly cannot be said that these shortfalls in counsel's performance lie entirely in the dim and distant past, where the Magistrate Judge's recommendation of sanctions rests upon at least three separate violations of the Local Rules ***in this very case.*** (*See* Magistrate Judge's 6/30/2015 Show Cause Order at 1-2 (detailing these violations).)[1]

---

[1]Indeed, counsel's July 6, 2015 response to the Magistrate Judge's show cause order itself violated the requirement under Local Rule 5.1(a)(2) of this District that each page of any papers filed with the Court "must be numbered consecutively." The Magistrate Judge expressly alerted counsel to this requirement in a May 29, 2015 order striking a previous filing for lack of compliance with this and other provisions of Local Rule 5.1, and yet counsel has violated this requirement in at least three submissions filed after the issuance of this May 29 order.

3

Moreover, a review of counsel's performance in other cases in this District squarely defeats counsel's assertion that his Local Rule violations were solely a product of his lack of familiarity with these rules in the early days of his federal court practice. To the contrary, a non-exhaustive review of the dockets in other cases in which counsel has appeared reveals (i) at least one other 2015 case, apart from this one, in which one of counsel's submissions was stricken for lack of compliance with the Local Rules, *see Davis v. Hite,* No. 15-10161, Dkt. No. 6 (document filed 4/30/2015, stricken in 5/1/2015 order), and (ii) a number of other cases, spanning the entire time period of counsel's practice in this District, in which counsel filed papers that failed to comply with the requirements of Local Rule 5.1(a), *see, e.g., Yopp v. Bank of America, N.A.,* No. 14-14094, Dkt. No. 9 (document filed 12/3/2014); *Yopp v. Bank of America, N.A.,* No. 13-12556, Dkt. No. 8 (document filed 8/11/2013); *Marks v. Bank of America, N.A.,* No. 13-12060, Dkt. Nos. 10, 15, 22, 24 (documents filed 8/9/2013, 10/7/2013, 12/28/2013, and 12/28/2013); *Young v. Everhome Mortgage,* No. 12-14730, Dkt. Nos. 18, 21, 28 (documents filed 5/17/2013, 6/10/2013, and 8/15/2013); *Carpenter v. City of Flint,* No. 11-10304, Dkt. No. 34 (document filed 11/11/2013).[2]  Accordingly, the Court

_____

[2]In his objections to the R & R, Plaintiff's counsel complains in particular about the Magistrate Judge's references to certain rulings by the District Court and the Court of Appeals in *Carpenter.* (*See* R & R at 6-7 (citing these rulings as confirmation that counsel was "well aware" prior to this case "of his obligation to comply with the Local Rules" and that sanctions could result in the event of continued noncompliance with these Rules).)  Yet, while counsel views *Carpenter* as evidencing only his "admittedly sloppy" work product in the "early phase (first year)" of his practice in federal court, this ignores (i) the Sixth Circuit's express recognition that counsel had "continued his pattern of inflammatory language and noncompliance with procedural

emphatically rejects the suggestion of Plaintiff's counsel that the Magistrate Judge's R & R unfairly recounts and relies on deficiencies from "long ago" that "do not reflect [counsel's] more recent conduct" upon gaining familiarity with the Local Rules of this District.  (Plaintiff's Counsel's 9/17/2015 Objections at 5-6.)

Counsel next protests that by requiring him to certify that he has provided a copy of the R & R to his client, Plaintiff Brent Mohlman, but failing to label this measure as "routine," the Magistrate Judge has "insult[ed] [counsel's] integrity" by suggesting the possibility that he might pass along the monetary sanction to his client as part of counsel's fees and costs.  (Plaintiff's Counsel's 9/17/2015 Objections at 6-7.)  Upon reviewing the R & R, however, the Court is satisfied that the Magistrate Judge has avoided any "needless insult to [counsel's] integrity," (*id.* at 6), while at the same time imposing (and explaining the need for) a measure that counsel himself acknowledges as "proper" under the circumstances, (*id.* at 7).  Simply stated, counsel's quibbles over the perceived "tone" of the R & R or the "potential inferences" that might be drawn from this ruling do not provide a basis for the Court to reject the Magistrate Judge's recommendations.

_____

filing rules" in his submissions to the appellate court, *see Carpenter v. City of Flint,* 723 F.3d 700, 704 n.1 (6th Cir. 2013), the earliest of which was filed in December of 2012, and (ii) counsel's filing of a November 11, 2013 second amended complaint following the Sixth Circuit's remand that was single-spaced and lacked page numbers, despite express language in rulings by both the District Court, *see Carpenter,* No. 11-10304, Dkt. No. 26, 8/28/2012 Order at 4, and the Sixth Circuit, *see Carpenter,* 723 F.3d at 703, alerting counsel to these very same Local Rule violations in his previous submissions.  Against this backdrop, it might be more prudent for counsel not to rely on the proceedings in *Carpenter* as evidence that his days of noncompliant filings are behind him.

Next, counsel takes issue with language appearing in a footnote in the R & R that, in his view, "calls for correction on the record." (*Id.* at 8 (citing R & R at 4 n.2).) In the footnote at issue, the Magistrate Judge addressed counsel's assertion in response to a June 30, 2015 show cause order that he had "never invoked federal court jurisdiction" of his own accord, but that each of his federal court appearances instead was the product of his "filing [of] a case in state court, only to have that case removed to federal court by opponents." (7/6/2015 Response to Show Cause Order at 1.) The Magistrate Judge deemed this statement "factually untrue," given that counsel had voluntarily "chose[n] to submit to the jurisdiction of [the] federal court" in this action by filing an appearance on Plaintiff's behalf ***after*** the case had already been removed from state to federal court. (R & R at 4 n.2.) Plaintiff's counsel contends that this footnote unfairly ascribes to him a motive to deceive, when the statement in his underlying response to the show cause order was meant only to convey the fact that counsel has "never chosen to start a case in federal court." (Plaintiff's Counsel's 9/17/2015 Objections at 8.)

Counsel's complaint on this point rests on a hypertechnical and overly critical reading of the footnote at issue. In his underlying response to the Magistrate Judge's show cause order, counsel indicated that each of his federal court appearances had been "forced" upon him through the removal of a case that initially had been filed in state court. (7/6/2015 Response to Show Cause Order at 1.) In the challenged footnote, the Magistrate Judge merely observed that counsel was not "forced" to appear in this case,

but instead voluntarily chose to represent Plaintiff — and thereby submit to the jurisdiction of this Court — despite his full knowledge and awareness that the case had been removed to federal court prior to his appearance.[3] The Court fails to see how this footnote could be construed as an "accusation" that "cast[s] [counsel] in a false light." (Plaintiff's Counsel's 9/17/2015 Objections at 8.) Rather, the Magistrate Judge simply rejected counsel's premise, as advanced in his response to the Magistrate Judge's show cause order, that he should somehow be excused for his lack of familiarity or compliance with the Local Rules of this District because his presence in federal court had invariably been "forced" upon him. Having voluntarily chosen to appear in this federal suit, counsel was obliged to familiarize himself with the rules that govern these proceedings, and to ensure that he fully complied with these rules in each of his submissions to and appearances before the Court.

Finally, counsel protests the Magistrate Judge's failure to acknowledge in the R & R that at the July 22, 2015 show cause hearing held to address counsel's lack of compliance with the Local Rules, counsel "produced a recently-compiled and specially

---

[3]Notably, another case in which counsel filed an appearance, *Kloss v. RBS Citizens, N.A.,* No. 13-11025, actually was commenced in federal court, and not removed from state to federal court. While the plaintiffs in that case filed their initial complaint *pro se* and counsel did not file an appearance on their behalf until nearly three months later, the procedural posture of *Kloss* nonetheless belies counsel's broad assertion in his present objections to the R & R that "in all 14 federal cases where undersigned appeared, federal venue was involuntary." (Plaintiff's Counsel's 9/17/2015 Objections at 8.) It is somewhat ironic that in challenging a footnote in the R & R that points out an inaccuracy in counsel's characterization of his federal court practice, counsel has offered yet another inaccurate statement about his federal court practice.

bound comprehensive copy of all local rules and announced proudly in Court that these [rules] have been compiled by [counsel] as a proactive matter." (Plaintiff's Counsel's 9/17/2015 Objections at 9.) In counsel's view, this omission creates the "false impression" that he does not appreciate the urgency of the need for him to fully familiarize himself with the Local Rules, (*id.* at 9-10), particularly where counsel is required under the R & R to file a "declaration affirming that he has read the Local Rules in their entirety and that he fully understands their requirements," (R & R at 8).

Yet, as counsel himself acknowledges in his objections to the R & R, the certification ordered by the Magistrate Judge "makes good sense," (Plaintiff's Counsel's 9/17/2015 Objections at 10), particularly given counsel's history of repeated non-compliance with the Local Rules in this and other cases. Indeed, while counsel seeks explicit recognition in the R & R of his "proactive" efforts to familiarize himself with the Local Rules, he fails to acknowledge his continued violation of these Rules in three recent submissions in this case, (*see supra* at 3 n.1), including two filings made shortly before the July 22 show cause hearing. It would appear, then, that counsel's "proactive" efforts to date have not ensured his full compliance with the Local Rules going forward. Under these circumstances, counsel is in a poor position to complain that the Magistrate Judge should have recognized these efforts in the R & R, especially in light of counsel's concession that any such acknowledgment would have no substantive effect upon the sanctions and other measures recommended by the Magistrate Judge.

8

Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's counsel's September 17, 2015 objections (docket #26) are OVERRULED, and that the Magistrate Judge's September 3, 2015 Report and Recommendation (docket #24) is ADOPTED in its entirety as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present order, that within ***twenty-one (21) days*** of the date of this order, attorney F. Anthony Lubkin shall (i) pay into the Court a monetary sanction of $750, (ii) file a declaration with the Court affirming that he has read the Local Rules of this District in their entirety, including the appendix setting forth the electronic filing policies and procedures for this District, and (iii) file with the Court a declaration signed by Mr. Lubkin and his client, Plaintiff Brent Mohlman, affirming that Mr. Mohlman has been provided with a copy of the Magistrate Judge's R & R and the present order.

SO ORDERED.

s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  November 9, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 9, 2015, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

9