UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRENT MOHLMAN,

               Plaintiff,        Civil Action No. 15-11085
                                   Honorable Gerald E. Rosen
v.                              Magistrate Judge Elizabeth A. Stafford

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee,
in Trust for registered Holders of
Long Beach Mortgage Loan Trust
2006-1, Asset-Backed Certificates,
Series 2006-1,

               Defendant.
_____/

**REPORT AND RECOMMENDATION TO**
**GRANT DEFENDANT'S MOTION TO DISMISS [R. 3]**

## I.    INTRODUCTION

Brent Mohlman filed this suit against Deutsche Bank National Trust

Company, as Trustee, in Trust for registered Holders of Long Beach

Mortgage Loan Trust 2006-1, Asset-Backed Certificates, Series 2006-1

("Deutsche Bank") challenging the validity of a foreclosure sale of

residential property located at 19042 Irving, Livonia, Michigan 48152 (the

"Property"). [R. 1-2]. On March 31, 2015, Defendant filed a motion to

dismiss [R. 3], which the Honorable Gerald E. Rosen referred to this Court

for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R.

11].  Based on the following, the Court **RECOMMENDS GRANTING**
Deutsche Bank's motion to dismiss [R. 3] and **DISMISSING** this action
under Federal Rule of Civil Procedure 12(b)(6).[1]

## II.   BACKGROUND

On December 19, 2005, Mohlman borrowed $119,200.00 from Long
Beach Mortgage Company ("Long Beach") and executed a promissory note
(the "Note") in which he promised to repay the loan over thirty years.  To
secure the Note, Mohlman granted Long Beach a mortgage ("Mortgage")
on the Property, which was recorded in Liber 44116, Page 782 of the
Wayne County Register of Deeds.  [R. 3-2].  Following the execution of the
Mortgage, Washington Mutual Bank ("WaMu") acquired Long Beach and its
assets, including the Note and Mortgage.  *See Mohlman v. Long Beach
Mortg.*, No. 12-10120, 2013 WL 490112, at *1 (E.D. Mich. Feb. 8, 2013)
(Rosen, C.J.).

Subsequently, the Office of Thrift Supervision closed WaMu and
appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver
pursuant to its authority under the Federal Deposit Insurance Act, 12
U.S.C. § 1821(d).  *Id.*  JPMorgan Chase Bank, N.A. ("Chase") then

---

[1] The Court's Report and Recommendation to sanction Mohlman's counsel
for repeated noncompliance with the Local Rules, [R. 24], had no bearing
on the Court's consideration of Defendant's motion to dismiss.

2

purchased WaMu's assets from the FDIC pursuant to a Purchase and Assumption Agreement,[2] thus acquiring WaMu's interest in the Note and Mortgage. *Id.*; *see also Deutsche Bank Nat'l Trust Co. v. F.D.I.C.*, 283 F.R.D. 1, 2 (D.D.C. 2012). However, there is nothing showing that this transfer was recorded in the Wayne County Register of Deeds.

On March 31, 2010, Chase sent Mohlman a letter stating that he was approved for a "trial period plan," which was the "first step toward qualifying for [a loan modification]." [R. 15-1, PgID 535-41]. The terms of the trial period indicate that Mohlman would only be considered for a loan modification if he made all trial period payments on time and returned all required documents by a specified date. [*Id.*, PgID 535]. Upon satisfaction of those conditions, the Mortgage would be permanently modified only "if [Mohlman] qualif[ied]." [*Id.*]. Mohlman claims that because he made the trial period payments, the Mortgage was modified. Deutsche replies that Mohlman's payments were made days later than the due dates set forth in the March 31 letter. [R. 17, PgID 582; R. 15-1, PgID 543-44]. Notably, the record does not contain a loan modification agreement.

In a letter dated October 20, 2011, Chase notified Mohlman of its intent to foreclose, indicating that he had been in default since September

---

[2] https://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf

2010 and that the amount past-due exceeded $14,000. *Mohlman*, 2013 WL 490112, at *1, *3. In response, Mohlman made a payment in the amount of $573.79, but Chase returned it because it was insufficient to cure the default. *Id.* at *3. In December 2011, Mohlman filed a complaint in Wayne County Circuit Court against Chase, WaMu, Long Beach, Chase Home Loan, and Craig Keaney, Senior Vice President of Chase, alleging, among other things, that the Mortgage was incorrectly placed in default and that defendants breached the Mortgage agreement by failing to accept his payment. *See generally id.* The suit was removed to this Court and assigned to the Honorable Gerald E. Rosen. *Id.* On February 8, 2013, the Court entered an opinion and order dismissing the prior action for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* The Sixth Circuit affirmed the dismissal on December 27, 2013. [R. 3-7].

On December 17, 2012, Chase, as attorney in fact for the FDIC, assigned the Mortgage to Deutsche Bank.[3] [R. 3-3]. The assignment was

---

[3] A document recorded February 17, 2012, shows a purported assignment of the Mortgage on January 31, 2012 from Chase to Deutsche Bank. [R. 1-2, PgID 46]. However, a representative of Select Portfolio Servicing, Inc., Deutsch Bank's current servicer, recorded an affidavit to correct the chain of title on January 6, 2015, stating that the merger language used in that assignment was invalid; that it was "executed and recorded in error"; and that it is "null and void." [*Id.*, PgID 50-51]. The affidavit further declared that Deutsche Bank holds the Mortgage based on the December 17, 2012 assignment. [*Id.*, PgID 50].

4

recorded in the Wayne County Register of Deeds on January 2, 2013.  [*Id.*].

Deutsche Bank initiated foreclosure-by-advertisement proceedings in January 2015, and it purchased the Property as the high bidder at a February 26, 2015 foreclosure sale for $117,022.26.  [R. 3-4, PgID 179-80].  Notice of the sale was published in the Detroit Legal News on January 29, February 5, February 12, and February 19, 2015.  [*Id.*, PgID 180].  The redemption period expired on August 26, 2015, and Mohlman failed to redeem the Property.

On February 24, 2015, Mohlman filed the underlying lawsuit in Wayne County Circuit Court, and Deutsche Bank subsequently removed the action to this Court and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  [R. 1; R. 3].  The motion is fully briefed.

## III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  Although the federal rules only require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the statement of the claim must be plausible.  Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

5

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, legal conclusions need not be accepted as true.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Ultimately, "[d]etermining whether a complaint

6

states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). However, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court may also consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Further, where the plaintiff does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997).

## IV. ANALYSIS

Mohlman alleges state-law claims of fraud, breach of contract,

7

wrongful foreclosure, invasion of privacy–false light, slander of credit, and unjust enrichment, and a federal claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* [R. 1-2].

### A.    Fraud in Attempting to Collect After Discharge (Count II)

In Count II, Mohlman claims that the Mortgage was discharged in May 2014, and that Deutsche Bank committed fraud in attempting to collect payments after the discharge. [R. 1-2, PgID 14-15, 19-20]. However, the document that Mohlman says discharges the Mortgage does not actually refer to the underlying Mortgage. The underlying Mortgage was recorded in Liber 44116, Page 782 of the Wayne County Register of Deeds [R. 3-2]; the mortgage being discharged by the document Mohlman cites to was recorded in Book 44938, Page 1650 [R. 1-2, PgID 48]. Since Mohlman has presented no evidence that the Mortgage at issue was discharged, his fraud claim falls short.

### B.    Breach of Contract and Fraud Based on Loan Modification Agreement (Counts III & IV)

Counts III (breach of contract) and IV (fraud) of the complaint are based on Mohlman's allegation that Deutsche Bank failed to honor the terms of a loan modification agreement by continuing to invoice him based on the original terms of the Mortgage.

Both claims are barred by the Michigan Statute of Frauds, M.C.L. §

8

566.132(2)(b), which precludes a party "from bringing a claim – no matter its label – against a financial institution to enforce" a promise to waive a provision of a loan unless the promise is in writing and signed by an authorized representative of the institution. *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000). Because the purported loan modification is a promise to waive provisions of the Mortgage, it unquestionably falls within the purview of the statute of frauds.

A review of the pleadings shows that Mohlman has not proffered a written instrument signed by an authorized representative of Chase that commits to the alleged loan modification. Mohlman refers to Chase's letter approving him for a trial period plan as evidence of a loan modification. [R. 15-1, PgID 524-25, ¶17 (citing to *Id.*, PgID 535-41)]. However, the letter is not evidence of a loan modification agreement because it uses noncommittal language and makes a permanent modification contingent on, among other things, Mohlman qualifying. *See Vittands v. Bank of America, N.A.*, No. 11-15241, 2012 WL 1696708, at *4 (E.D. Mich. May 15, 2012) (Rosen, C.J.) (dismissed breach of loan modification claim pursuant to Rule 12(b)(6) upon finding a similar letter with conditional, noncommittal language failed to satisfy the statute of frauds and failed to demonstrate the objective assent necessary to form a binding contract).

9

Mohlman also fails to plead that Chase signed a binding loan modification agreement.  In the complaint, he alleges:

> [A] loan modification agreement … was duly approved and agreed to, as manifest by correspondence announcing new trial period (Exhibit H-1)[4] and evidence of successful completion of said trial period (copies of bank records and/or payments of trial sums …), thereby manifesting completion of the loan modification as to subject mortgage.

[R. 1-2, PgID 16 (footnote added)].  Essentially, Mohlman claims a loan modification agreement self-executed because he made the three trial period payments.  As explained, this is not the case under the language of the trial period letter.  Moreover, this allegation fails to demonstrate the objective assent required on the part of Chase to form a binding contract, and thus, it does not satisfy the statute of frauds.  *See Vittands*, 2012 WL 1696708, at *4.

Since Mohlman fails to plead that an authorized representative of Chase signed a binding loan modification agreement, the statute of frauds bars him from stating any claim based on a purported modification agreement.  *Crown Tech Park*, 242 Mich. App. at 550.  Counts III and IV of the complaint fail to state a plausible claim under Fed. R. Civ. P. 12(b)(6).

---

[4] Mohlman's statement that the correspondence announced a "*new* trial period" is misleading.  The "correspondence" he refers to is Chase's March 31, 2010 letter approving him for the trial period plan.  [R. 1-2, PgID 57]. This was the only trial period he was approved for.

10

## C.     Breach of Contract – Failure to Post Payments (Count V)

In Count V, Mohlman alleges that Chase breached the Mortgage by failing to properly post loan payments, changing his account number to a rogue account number, and falsely labelling his account delinquent.  [R. 1-2, PgID 23].  He says Deutsche Bank is liable as Chase's successor in interest.  Deutsche Bank argues that the doctrine of *res judicata* bars this claim because Mohlman brought the same claim in the prior action, and the Court dismissed it for failing to state a claim.  The Court agrees.

"The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).  Under federal common law, *res judicata* applies where the following four elements exist: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Dover v. United States*, 367 Fed. Appx. 651, 653 (6th Cir. 2010) (citation and internal quotation marks omitted).  The party asserting *res judicata* bears the burden of proving it applies.  *Keymarket of Ohio, LLC v. Keller*, 483 Fed. Appx. 967, 971 (6th Cir. 2012).

In the prior action, Mohlman alleged that Chase breached the

11

Mortgage "by not excepting [sic] payment on an[] account number Chase Bank created then put the account into default as if it was a late payment." [*See* R. 3-5, PgID 188]. The Court dismissed this claim in the prior action for failing to state a breach of contract claim under Fed. R. Civ. P. 12(b)(6). *Mohlman*, 2013 WL 490112, at *3. As Deutsche Bank contends, all four elements of *res judicata* are present.

First, the Court's opinion and order granting defendants' motion to dismiss in the prior action constitutes a final decision on the merits, and the Sixth Circuit affirmed the decision. *See Wilkins v. Jakeway*, 183 F.3d 526, 533 n.6 (6th Cir. 1999) ("a dismissal for failure to state a claim under Rule 12(b)(6) is considered a dismissal on the merits").

Second, Deutsche Bank is in privity with Chase. "For purposes of res judicata, privity 'means a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented.'" *Vanmeerbeeck v. M & T Bank*, No. 12-11980, 2012 WL 2943400, at *3 (E.D. Mich. July 18, 2012) (Duggan, J.) (quoting *Sanders Confectionery Products v. Heller Fin.*, 973 F.2d 474, 481 (6th Cir. 1992)). Chase was the servicer of the Mortgage during the pendency of the prior action, and Deutsche Bank is the current holder of the Mortgage. Deutsche Bank was adequately represented by Chase in the prior action and is thus

in privity with Chase for purposes of *res judicata*.  *See id.*  The second
element is satisfied.

The third and fourth elements of *res judicata* are also satisfied.
Mohlman's breach of contract claim in this suit is the same as his claim in
the prior action; in each, he alleges that Chase breached the Mortgage by
failing to properly post loan payments, changing his account number, and
falsely deeming his account in default.  Because this claim was actually
litigated in the prior action, the third element is satisfied.  Further, because
the claims arose from the "same core of operative facts," an identity of the
claims exists.  *See Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002)
("The final element of res judicata – that there be an identity of claims – is
satisfied if the claims arose out of the same transaction or series of
transactions, or whether the claims arose out of the same core of operative
facts.") (citation and internal quotation marks omitted).

The doctrine of *res judicata* bars Mohlman's breach of contract claim
based on the failure to post payments.

### D.   Wrongful Foreclosure and Declaratory Relief (Count I)

In Count I of the complaint, Mohlman seeks a declaratory judgment
stating that Deutsche Bank's foreclosure and its actions in invoicing him
were invalid based on the purported discharge of the Mortgage.  [R. 1-2,

PgID 14].

Non-judicial foreclosures, or foreclosures by advertisement, are governed by statute in Michigan. *See* Mich. Comp. Laws § 600.3201, *et seq.* The statutory scheme provides steps that the mortgagee must follow in order to validly foreclose and controls the rights of the mortgagee and the mortgagor once the sale is completed. *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013). After a sheriff's sale, a mortgagor is given a statutory period of time to redeem the property. Mich. Comp. Laws § 600.3240(1). The statutory period for Mohlman to redeem the Property was six months from the date of the foreclosure sale. *Id.* § 600.3240(8).

"[A]fter the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself." *Elsheick v. Select Portfolio Servicing, Inc.*, 586 Fed. Appx 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted). Here, the six-month redemption period expired on August 26, 2015 without Mohlman redeeming the Property and, as explained above, Mohlman failed to allege a plausible claim for fraud, let alone a claim of fraud related to the foreclosure procedure. Thus, the

14

allegations in the complaint provide no basis for the Court to entertain setting aside the foreclosure sale.  *See id.*

In his response to Deutsche Bank's motion to dismiss, Mohlman vaguely claims that a so-called "mortgage fraud audit" shows that chain of title defects exist and Deutsche Bank's standing to foreclose is called into question based on the multiple assignments of the Mortgage.  [R. 15, PgID 502-03, 515-16; R. 15-1, PgID 548-67].  The supplemental allegations in Mohlman's response fail to save him from dismissal for multiple reasons.

First, "a motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint, not additional facts that are set forth in response to a motion to dismiss…, and the Court cannot consider these new 'facts' for purposes of Defendant's motion."  *See El-Hallani v. Huntington Nat'l Bank*, No. 13-12983, 2014 WL 2217237, at *6 (E.D. Mich. May 29, 2014) (Rosen, C.J.) (citing *Strayhorn v. Wyeth Pharm., Inc.,* 737 F.3d 378, 399 (6th Cir.2013)), *rev'd on other grounds,* --- Fed. Appx. ---, 2015 WL 4503199 (6th Cir. July 24, 2015).  However, even if the new facts were considered part of the complaint, Mohlman still fails to make a clear showing of fraud or irregularity related to the foreclosure process to justify setting aside the foreclosure sale.

In relevant part, Michigan's foreclosure-by-advertisement statute

15

requires that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage"; and "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title must exist before the date of sale under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L. § 600.3204(1)(d) and (3). Determination of whether a record chain of title exists is "limited to an examination of the public records." *Livonia Props. Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC,* 399 F. App'x 97, 103 (6th Cir. 2010).

Based on the December 17, 2012 assignment and the affidavit correcting the chain of title, the public records demonstrate that a record chain of title existed prior to the foreclosure sale showing that Deutsche Bank held the Mortgage. [*See* R. 1-2, PgID 50-51; R. 3-3]. Here, Mohlman does not allege any facts to show that a record chain of title does not exist; the supplemental claims in his response are nothing more than naked assertions that fail to rise above speculation.

Even were the Court to go one step further and assume that Deutsche Bank failed to strictly comply with § 600.3204's requirements, noncompliance with the foreclosure statute is only actionable if Mohlman

16

"establish[es] prejudice (such as double liability) resulting from the foreclosing party's failure to adhere to the statute's requirements."  *See Carmack v. Bank of New York Mellon*, 534 Fed. Appx. 508, 513 (6th Cir. 2013).  To demonstrate such prejudice, Mohlman must show that he "'would have been in a better position to preserve [his] interest in the property absent [Deutsche Bank's] noncompliance with the statute.'"  *Id.* (quoting *Kim V. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115 (2012)).

Mohlman fails to claim that he would have been in a better position to preserve his interest in the Property absent Deutsche Bank's purported noncompliance with Michigan's foreclosure-by-advertisement statute, and he does not allege that he could be subjected to double liability.  Thus, he cannot establish that any such noncompliance prejudiced him.  Mohlman has been aware that he was in default since at least October 2011, and Deutsche Bank provided proper notice that it was foreclosing on the Mortgage.  Despite this, Mohlman did not cure the default or redeem the Property before the redemption period expired.

Thus, Mohlman has failed to state a plausible claim for wrongful foreclosure and he is not entitled to a declaratory judgment stating that Deutsche Bank's foreclosure proceedings were invalid.

17

### E. Invasion of Privacy–False Light/Slander of Credit & Violation of the FCRA (Count VI)

In Count VI, Mohlman alleges Deutsche Bank violated the FCRA by publishing false and derogatory statements regarding his creditworthiness and the status of the Mortgage to credit bureaus.  [R. 1-2, PgID 24-25].  Mohlman also alleges common-law claims of invasion of privacy–false light and slander of title in Count VI.  [*Id.*].  Deutsche Bank argues that Mohlman's invasion of privacy and slander of title claims are preempted by the FCRA, and that his FCRA claim fails the pleading requirements under Rule 12(b)(6).  The Court agrees.

In relevant part, the FCRA provides that "[n]o requirement or prohibition may be imposed under the laws of any State … with respect to any subject matter regulated under … section 1681s-2 of this title…."  15 U.S.C. §1681t(b)(1)(F).  Under § 1681s-2, a "furnisher of information" has two obligations: (1) they must provide consumer reporting agencies complete and accurate information about their consumers under § 1681s–2(a); and (2) upon being notified by a consumer reporting agency of the existence of a dispute regarding credit information it furnished, they must conduct a reasonable investigation into the dispute and comply with the other applicable requirements under § 1681s–2(b).  15 U.S.C. § 1681s–2(a) and (b); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614-18 (6th

Cir. 2012).

Mohlman's invasion of privacy and slander of title claims are based on the allegation that Deutsche Bank furnished false and derogatory statements regarding his credit and payment history to credit bureaus. Thus, those claims fall within the subject matter regulated by § 1681s–2 and are preempted.  *See Munson v. Countrywide Home Loans, Inc.*, No. 08-13244, 2008 WL 5381866, at *5 (E.D. Mich. Dec. 17, 2008) (Roberts, J.) (finding that § 1681s–2 preempted breach of contract claim because it was "founded solely on Countrywide Bank's actions in reporting Plaintiffs' payment history").

Mohlman's FCRA claim lacks sufficient factual allegations to state a plausible claim under Rule 12(b)(6).  Based on Mohlman's vague assertions in the complaint that Deutsche Bank provided credit bureaus false and derogatory information regarding his credit, it appears he is attempting to allege a violation under § 1681s–2(a).  However, no private right of action exists under § 1681s–2(a).  *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 842 (E.D. Mich. 2010).  To the extent Mohlman is attempting to allege a violation of § 1681s–2(b) – under which a private cause of action does exist – he does not plead facts supporting such a claim.  Among other things, Mohlman does not allege that Deutsche Bank

19

ever received notice of a dispute from a consumer reporting agency.  *See*
*Boggio*, 696 F.3d at 615-16 (holding that "consumers may step in to
enforce their rights only after a furnisher has received proper notice of a
dispute from a [consumer reporting agency]"); *Downs v. Clayton Homes,*
*Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir 2004) ("plaintiff must show that the
furnisher received notice from a consumer reporting agency, not the
plaintiff, that the credit information is disputed").

Mohlman fails to state a FCRA claim, and his invasion of privacy and
slander of title are preempted by the FCRA.

### F.    Unjust Enrichment (Count VII)

In Count VII, Mohlman claims Deutsche Bank was unjustly enriched
because it received payments that were not properly posted, that were in
excess of the amount required under the purported loan modification, and
that were made after the Mortgage was allegedly discharged.  Mohlman's
unjust enrichment claim is without merit because an express contract exists
that is related to the disputed subject matter.

To succeed on an unjust enrichment claim under Michigan law, a
plaintiff must establish that (1) the defendant received a benefit from him,
and (2) it would be inequitable to him if the defendant retained the benefit.
*Belle Isle Grill Corp. v. City of Detroit,* 256 Mich. App. 463, 478 (2003).  If

20

plaintiff establishes both elements, "the law will imply a contract in order to prevent unjust enrichment." *Id.* "However, a contract will be implied only if there is no express contract covering the same subject matter." *Id.*

Mohlman executed two contracts related to the subject matter of this claim: the Note and the Mortgage. Those documents govern the rights and responsibilities related to the loan, including the obligation to make monthly payments and the right to receive those payments. Thus, Mohlman's unjust enrichment claim fails as a matter of law.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Deutsche Bank's motion to dismiss [R. 3] be **GRANTED** and that Mohlman's complaint be **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: January 11, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 11, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager