## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BRENT MOHLMAN,

    Plaintiff,     Case No. 15-11085
             Hon. Gerald E. Rosen
v.           Magistrate Judge Elizabeth A. Stafford

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

    Defendant.
_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____March 3, 2016_____

   PRESENT:  Honorable Gerald E. Rosen
         United States District Judge

In a report and recommendation ("R & R") issued on January 11, 2016,

Magistrate Judge Elizabeth A. Stafford recommends that the Court grant the

motion to dismiss brought by Defendant Deutsche Bank National Trust Company,

and that the claims asserted by Plaintiff Brent Mohlman be dismissed in their

entirety. On January 25, 2016, Plaintiff filed objections (of a sort) to the

Magistrate Judge's R & R, and Defendant responded to these objections on

February 8, 2016. Plaintiff then submitted a February 12, 2016 "reply" in further

support of his objections, in which his counsel (i) explained that he had

inadvertently filed an "interim" or "draft" version of Plaintiff's objections to the R

& R, and (ii) proffered a "corrected" version of these objections that purportedly

cures the defects in counsel's earlier January 25 submission.  (Plaintiff's 2/12/2016

Reply at 1-2.)[1]  As discussed below, the Court finds that Plaintiff's objections to

the R & R are both procedurally deficient and lacking in merit, and it therefore

concludes that the Magistrate Judge's R & R should be adopted as the opinion of

this Court.

　　As a threshold matter, Defendant correctly observes that Plaintiff's initial

January 25 submission does not properly assert objections to the Magistrate

Judge's R & R, despite the explicit language in the R & R itself specifying the

required form and content of any desired objections.  (*See* Defendant's 2/8/2016

Response at 4 (quoting R & R at 22).)  Most notably, Plaintiff has not labeled his

objections to the R & R, nor has he specifically identified the portions of the R & R

to which he wishes to object.  Rather, Defendant points out that Plaintiff's

"objections" to the R & R are "almost a word for word copy" of a sur-reply brief

---

　　[1]Notably, this latest submission by Plaintiff's counsel lacks page numbers, in contravention of Local Rule 5.1(a)(2) of this District.  One would think that counsel would be aware of this requirement, as he has been sanctioned *in this very case* for his repeated violations of this and other Local Rules.  (*See* 11/9/2015 Order at 3 & n.1; *see also* Magistrate Judge's 9/3/2015 Report & Recommendation at 2-4 (detailing the instances in which Plaintiff's counsel has violated the Local Rules in this litigation).)

previously filed by Plaintiff and his counsel in response to Defendant's underlying motion to dismiss.  (Defendant's 2/8/2016 Response at 4.)  The Magistrate Judge struck this sur-reply as improperly filed without leave of the Court, (*see* 6/30/2015 Order at 1-2), and later denied Plaintiff's motion for leave to file this sur-reply brief, finding that the arguments advanced in this proposed submission were "frivolous and unsupported," (9/4/2015 Order at 2).  Plaintiff did not object to, or otherwise seek this Court's review of, either of these rulings by the Magistrate Judge, and it is wholly improper to attempt an end run around these rulings by repackaging a previously rejected sur-reply as "objections" to the Magistrate Judge's R & R.

In any event, Plaintiff's repurposed sur-reply fails to satisfy the criteria for lodging appropriate objections to a Magistrate Judge's report and recommendation. In particular, because this submission was prepared several months prior to the Magistrate Judge's R & R, it comes as no surprise that Plaintiff's "objections" fail to identify any purported flaws in the Magistrate Judge's analysis, but instead are directed solely at arguments advanced in Defendant's briefing on its underlying motion to dismiss.  This disregard for the Magistrate Judge's rulings and analysis utterly defeats the purpose of the requirement of specific objections — a requirement explicitly set forth both in Fed. R. Civ. P. 72(b)(2) and in Local Rule

72.1(d)(1) of this District, and reiterated at the conclusion of the Magistrate Judge's R & R in this case, (*see* R & R at 22) — namely, to "focus the busy district court's attention on only those issues that [a]re dispositive and contentious." *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's submission, if considered by the Court, would result in "an inefficient use of judicial resources," as it essentially "mak[es] the initial reference to the magistrate useless" and leaves "even the most perspicacious judge to guess at" the faults that Plaintiff purports to find in the Magistrate Judge's analysis. *Howard,* 932 F.2d at 509. Moreover, to the extent that Plaintiff seeks to pursue arguments that he did not raise in his initial response to Defendant's underlying motion, the Court generally is precluded from considering new arguments or issues that were not presented to the Magistrate Judge in the first instance. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). For these reasons, then, the Court finds that the "objections" filed by Plaintiff and his counsel should be disregarded as failing to comport with the applicable rules and legal standards governing objections to an R & R.[2]

---

[2]In evident recognition of the defects in Plaintiff's objections as initially filed, Plaintiff and his counsel have submitted "corrected" objections as an exhibit to a February 12, 2016 reply in further support of this initial filing. Yet, the deadline for timely objections to the R & R had long since passed by the time Plaintiff filed his reply and corrected objections, and Plaintiff fails to explain why he and his counsel should be granted a "do-over" to correct the deficiencies identified by Defendant in Plaintiff's initial

Even if the Court were inclined to address the substance of Plaintiff's objections, Plaintiff has not identified any basis for disturbing the Magistrate Judge's rulings. First, Plaintiff faults Defendant and the Magistrate Judge for purportedly failing to address the "substantial factual issues" purportedly raised by a "mortgage fraud audit" attached as an exhibit to Plaintiff's response to Defendant's underlying motion to dismiss. (Plaintiff's 1/25/2016 Objections, Br. in Support at 1-2.) Yet, the R & R discusses this audit in considerable detail, specifically identifying "multiple reasons" why Plaintiff's submission of this audit does not rescue his claim of wrongful foreclosure. (*See* R & R at 15-17.) Most notably, the Magistrate Judge correctly observes that Defendant's motion to dismiss "tests the sufficiency of [Plaintiff's] complaint, not additional facts that are set forth in response to a motion to dismiss." (*Id.* at 15 (internal quotation marks and citation omitted).) Thus, if Plaintiff meant to inject new factual allegations into this case by reference to a "mortgage fraud audit," the proper means for doing so would have been through an amended complaint, rather than the statements of counsel in a brief in response to Defendant's motion to dismiss, *see Strayhorn v. Wyeth Pharmaceuticals, Inc.,* 737 F.3d 378, 399-400 (6th Cir. 2013), but Plaintiff

---

submission. Instead, Plaintiff simply repeats the ill-fated procedure employed with respect to his sur-reply brief — namely, he has filed a submission not provided for under the pertinent rules without bothering to seek leave of the Court to do so.

5

never sought leave of the Court to file any such amended pleading.[3]  Nor has he, in his present objections, identified any flaws in the Magistrate Judge's determination that the Court may not consider Plaintiff's "mortgage fraud audit" in resolving Defendant's motion.  It follows, for this and the other reasons set forth in the R & R, that Plaintiff's appeal to this audit is unavailing.

Similarly, while Plaintiff suggests that the Magistrate Judge's analysis of Defendant's statute of frauds defense does not properly account for the evidence of part performance of a loan modification agreement purportedly entered into by the parties, the R & R again addresses this point, explaining — with reference to supporting authority, including this Court's prior, on-point decision in *Vittands v. Bank of America, NA,* No. 11-15241, 2012 WL 1696708, at *3-*4 (E.D. Mich.

---

[3]Indeed, throughout Plaintiff's submissions in this case, the Court has located only two cursory mentions of the possibility of amending Plaintiff's *pro se* complaint. Specifically, in Plaintiff's response to Defendant's motion to dismiss, Plaintiff's counsel pointed to an "impending proposed Amended Complaint" in which Plaintiff planned to pursue "[n]ew and separate theories of recovery arising from newly discovered evidence," (Plaintiff's 6/4/2015 Response at 5), and Plaintiff's counsel later stated that opposing counsel had denied his request for leave to file an amended complaint, (*see id.,* Br. in Support at 3).  Yet, once Defendant filed its motion to dismiss, Plaintiff could have amended his complaint within 21 days as a matter of right, and without the need to secure the permission of defense counsel.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Failing that, Plaintiff and his counsel could have sought leave of the Court to file an amended complaint, but they never pursued this option.  While the Court recognizes the need for some degree of leniency in construing the claims and allegations of Plaintiff's *pro se* complaint, his counsel had ample opportunity to cure any deficiencies in this initial pleading upon entering his appearance on Plaintiff's behalf relatively early in this litigation.

May 15, 2012) — that Plaintiff's complaint and accompanying exhibits cannot overcome a statute of frauds defense because of the "noncommital" and "contingent" language in the "trial period plan" letter relied on by Plaintiff as the requisite "written instrument" that allegedly reflects a commitment to modify Plaintiff's mortgage loan. (R & R at 9.) To the extent, then, that Plaintiff seeks to avoid a statute of frauds defense by pointing to allegations and evidence that he satisfied the payment and other obligations set forth in this letter, the Magistrate Judge correctly concludes that this does not qualify as part performance of a ***loan modification agreement*** assented to by Defendant's predecessor-in-interest, Chase Bank, as opposed to part performance of the antecedent "trial period plan" proposed in this letter. (*See* R & R at 10.)[4] Moreover, while Plaintiff now claims that he and Chase Bank did, in fact, enter into a written loan modification agreement that was "misplaced" by the non-attorney advisor who assisted him in filing a prior suit, (*see* Plaintiff's 1/25/2016 Objections, Ex. 1, Plaintiff's 6/29/2015 Third Aff. at ¶ 3),[5] the Sixth Circuit has held that bare allegations of the

---

[4]In addition, courts in this District have held that "part performance is not sufficient to remove a claim from the statute of frauds [provision] applicable to financial institutions." *Saad v. Wayne County Register of Deeds,* No. 11-15590, 2013 WL 3455628, at *6 (E.D. Mich. July 9, 2013); *see also Miles v. Ocwen Loan Servicing, LLC,* No. 12-12674, 2014 WL 7272301, at *4 (E.D. Mich. Dec. 18, 2014).

[5]Again, Plaintiff cannot properly complain that the Magistrate Judge failed to address this claim of a "lost" loan modification agreement in the R & R, in light of the

existence of a contract that is not attached to the complaint and is no longer in the plaintiff's possession do not suffice to support a plausible breach of contract claim. *See Northampton Restaurant Group, Inc. v. FirstMerit Bank, N.A.,* No. 10-4056, 492 F. App'x 518, 521-22 (6th Cir. July 5, 2012).

Plaintiff next contends that the Magistrate Judge's *res judicata* analysis improperly conflates two distinct breach of contract claims: namely, (i) the claim asserted by Plaintiff in a prior suit that Defendant's predecessor-in-interest, Chase Bank, failed to post certain of Plaintiff's payments to the proper account, and (ii) the claim that Plaintiff now seeks to pursue, involving alleged breaches of a loan modification agreement purportedly entered into between Plaintiff and Chase Bank. As already explained, however, the latter claim is defeated by the statute of frauds, so any purported error in the Magistrate Judge's analysis would not alter the outcome here. Moreover, Plaintiff fails to recognize that the doctrine of *res judicata,* or claim preclusion, encompasses both claims actually asserted in an earlier suit and those that could have been litigated in the prior action. *See Rawe v. Liberty Mutual Fire Insurance Co.,* 462 F.3d 521, 528 (6th Cir. 2006). In an affidavit accompanying his response to Defendant's motion to dismiss, Plaintiff

---

absence of any reference to this alleged agreement in Plaintiff's complaint or in any amended pleading that Plaintiff has sought leave to file.

states (i) that he entered into a loan modification agreement with Chase Bank in 2010, (ii) that Chase Bank abrogated this agreement in early 2011, and (iii) that in protest of this alleged breach, he ceased making payments on his mortgage loan in 2011. (*See* Plaintiff's 6/4/2015 Response, Ex. 1, Plaintiff's 5/28/2015 Aff. at ¶¶ 18-22, 29.) By Plaintiff's own admission, then, he was aware of the alleged breach of the loan modification agreement when he brought his prior suit against Chase Bank in late December of 2011, and the doctrine of claim preclusion therefore prevents him from pursuing this claim in the present suit.[6]

Finally, Plaintiff contends that the Magistrate Judge disregarded disputed issues of fact in determining that Plaintiff has failed to state a viable claim under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* In particular, Plaintiff points to his statement in an affidavit that he did, in fact, lodge a complaint with a credit bureau challenging the purportedly inaccurate reporting of the status of his mortgage loan. (*See* Plaintiff's 6/4/2015 Response, Plaintiff's

---

[6]To be sure, Plaintiff and his counsel are highly critical of the "chronically ill, former/disbarred attorney" who served as Plaintiff's advisor in bringing his prior suit in late 2011. (Plaintiff's 6/4/2015 Response at 3-4; *see also id.*, Br. in Support at 1 (characterizing Plaintiff's *pro se* complaint in his prior action as a "misguided 'class warfare' template style filing" that was "improperly hijacked by rogue former 'pro per advisors'" and that "never addressed issues specific to Plaintiff's loan").) Be that as it may, the doctrine of claim preclusion is triggered by the opportunity to assert a claim in prior litigation, *see Rawe,* 462 F.3d at 528, and is not concerned with the reasons why a party might have failed to take advantage of this opportunity.

6/1/2015 Aff. at ¶¶ 2-5.)[7]  Yet, as explained in the R & R, to plead a viable FCRA claim, Plaintiff must allege that Defendant "received notice of a dispute from a consumer reporting agency."  (R & R at 19-20.)  Regardless, then, of whether Plaintiff might have complained to a credit bureau, he has not alleged that Defendant received notice of any such complaint from a consumer reporting agency.  Accordingly, the "factual dispute" identified by Plaintiff is immaterial to the viability of his FCRA claim as pled in his complaint.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's January 25, 2016 objections (docket #31) are OVERRULED, and that the Magistrate Judge's January 11, 2016 Report and Recommendation (docket #30) is ADOPTED in its entirety as the opinion of this Court.  IT IS FURTHER ORDERED, for the reasons stated in the R & R as supplemented by the rulings in the present opinion and order, that Defendant's March 31, 2015 motion to dismiss (docket #3) is GRANTED.

s/Gerald E. Rosen

---

[7]Again, it was appropriate for the Magistrate Judge to disregard this affidavit as containing new facts or allegations set forth for the first time in Plaintiff's response to Defendant's motion to dismiss, where no similar allegations were made in Plaintiff's underlying complaint or in any amended pleading that Plaintiff sought leave to file.

United States District Judge

Dated:  March 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2016, by electronic and/or ordinary mail.

s/Julie Owens                          
Case Manager, (313) 234-5135